No. 80,392

In the Matter of MITCHELL B. TAYLOR, *Respondent*.
(959 P.2d 901)

Opinion filed May 29, 1998.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Mitchell B. Taylor*, respondent, appeared pro se.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Mitchell B. Taylor, of Topeka, an attorney licensed to practice law in the state of Kansas. Complaints against Taylor alleged that he violated MRPC 1.2 (1997 Kan. Ct. R. Annot. 273) (Scope of Representation), MRPC 1.3 (1997 Kan. Ct. R. Annot. 276) (Diligence), MRPC 1.4 (1997 Kan. Ct. R. Annot. 282) (Communication), MRPC 1.15 (1997 Kan. Ct. R. Annot. 316) (Safekeeping Property), MRPC 1.16 (1997 Kan. Ct. R. Annot. 324) (Declining or Terminating Representation), MRPC 3.1 (1997 Kan. Ct. R. Annot. 332) (Meritorious Claim), and MRPC 8.4 (1997 Kan. Ct. R. Annot. 366) (Misconduct).

## FACTS AND DISCUSSION:

The facts are not in dispute. In late 1995, Amos and Betty Crawford retained Taylor, who practiced in Wichita, to represent them in seeking grandparent visitation. The Crawfords paid Taylor a $500 retainer. Taylor filed a motion for grandparent visitation on December 1, 1995.

The Crawfords had previously sought visitation. On March 3, 1995, their request was rejected by Judge Dewey, who held that as a prerequisite to any subsequent motions, the Crawfords were required to be evaluated and a home study completed. When Taylor filed the motion on behalf of the Crawfords, he was aware that neither of the prerequisites required by the district judge had occurred.

In January 1996, a custody investigation was dismissed by the district judge because Taylor failed to provide a necessary stipulation and order to proceed. Taylor failed to do so although he advised his clients that he would. An evidentiary hearing was scheduled by the district judge for March 4, 1996. Taylor did not inform his clients of the hearing. Neither Taylor nor his clients attended. As a result of the failure to appear, the district judge awarded attorney fees to the party opposing visitation. The Crawfords were never informed of the hearing or that an award of $787.50 for attorney fees had been imposed. This resulted in a garnishment being filed against the Crawfords' bank account.

The same day, Taylor filed a motion to reinstate the custody investigation. Although the motion was granted by the district judge, it was again dismissed in May 1996 because the necessary paperwork had not been completed by Taylor.

In April 1996 Taylor checked himself into inpatient treatment for alcoholism. Subsequently, he had a relapse. His alcoholism impaired his ability to represent the Crawfords. Taylor did not withdraw from his representation of the Crawfords after he became impaired.

The panel found Taylor's impairment interfered with his ability to represent the complainant and his wife. Taylor did not withdraw from representing the Crawfords pursuant to the requirement of MRPC 1.16(a)(2).

In a second complaint, Russell Spaulding retained Taylor to represent him in an expungement matter. Spaulding paid Taylor a retainer of $150. After researching the matter, Taylor determined there was no basis in law to file a motion for expungement. However, Taylor did not communicate this fact to his client or return the unused portion of the retainer. When Spaulding attempted to call Taylor in September 1996, Taylor's phone had been disconnected.

The panel found Taylor failed to terminate his representation of the complainant pursuant to the requirement of MRPC 1.16(a)(2). Taylor did not return the unearned retainer to the complainant.

In a third complaint, Municipal Court Judge Gregory Keith filed a complaint against Taylor. Judge Keith stated that Taylor had en-

tered his appearance to represent Kevin Mills in the case of *City of Haysville v. Kevin Mills*. Taylor did not appear on the date of trial. Judge Keith reset it. Taylor again failed to appear. Judge Keith reset the case a second time. At that trial date, neither Taylor nor the client appeared. An arrest warrant was issued for Mills. When Judge Keith attempted to contact Taylor, he discovered that Taylor's telephone had been disconnected.

The panel found Taylor failed to terminate his representation of Mills, as required by MRPC 1.16(a)(2). Taylor was not diligent in pursuing the representation of Mills and failed to advise the court about the status of the case.

The Disciplinary Administrator filed a formal complaint on October 17, 1997. A hearing occurred on November 19, 1997. Taylor and Disciplinary Administrator stipulated to the previous facts and exhibits supporting the facts. On December 18, 1997, a final hearing report was filed and Taylor filed an answer to citation noting no exceptions to the report.

In addition to the stipulations, the Disciplinary Administrator noted Taylor had been suspended under Supreme Court Rule 208 (1997 Kan. Ct. R. Annot. 219) for failure to pay the annual registration fee. The Disciplinary Administrator informed the panel that Taylor had taken the necessary steps to register for disabled inactive status with the Clerk of the Appellate Courts of Kansas pursuant to Supreme Court Rule 220 (1997 Kan. Ct. R. Annot. 248). Consequently, Taylor cannot practice law until restored to active status. To be reinstated, Taylor must show by clear and convincing evidence that his disability has been removed and he is fit to practice law. Taylor has voluntarily discontinued the practice of law and stated that he has no desire to return.

The panel found the following aggravating factor:

(1) A pattern of misconduct and multiple offenses.

The panel found the following mitigating factors:

(1) Respondent has no prior disciplinary record.
(2) The facts demonstrated no dishonest or selfish motive.

(3) Respondent has personal or emotional problems which contributed to the violations of the Rules of Professional Conduct.

(4) Respondent's present and past attitude has been one of cooperation during the hearing, and he has made a full and free acknowledgment of his transgressions.

(5) Respondent has demonstrated remorse for his conduct.

Based upon the stipulations, the panel found by clear and convincing evidence that Taylor violated the Model Rules of Professional Conduct as charged in the Disciplinary Administrator's complaint. These are: MRPC 1.2, 1.3, 1.4, 1.15, 1.16, 3.1, and 8.4.

The panel noted that as a result of Taylor's misconduct, the Crawfords' bank account was garnished in the amount of $787.50. Additionally, Spaulding paid a retainer of $150 for which he received no services. During the investigation, Taylor freely admitted that he should reimburse both clients. As to the $500 retainer paid by the Crawfords, Taylor stated that he had worked on the Crawfords' case for approximately 20 hours and although the result was not what they wanted, he had earned the retainer.

We disagree with Taylor's claim that he had earned the retainer fee and should not be required to reimburse his client. Taylor failed to do what he was retained for—to represent his clients in court. Taylor's failure in the courtroom caused his office work to be of no value to his clients.

The Disciplinary Administrator recommended that Taylor be disciplined by published censure and that prior to any reinstatement, Taylor must make restitution of $787.50 to the Crawfords and $150 to Spaulding. The panel partially accepted the Disciplinary Administrator's recommendation and further recommended that Taylor make restitution of $500 to the Crawfords for the retainer they paid.

Taylor did not take exception to the panel's recommendations.

It is also noted that on November 5, 1997, Taylor was suspended from the practice of law in Kansas for failure to pay the 1997 annual attorney registration fee and the 1997 annual CLE registration fee. On December 1, 1997, Taylor had satisfied the requirements pertaining to attorney registration and continuing legal education, and

was reinstated. In addition, pursuant to his request, Taylor was immediately registered as disabled due to mental or physical disabilities pursuant to Supreme Court Rule 208(a). The order noted that should Taylor seek reinstatement to active status, the Supreme Court may impose appropriate conditions, costs, and registration fees before or upon granting reinstatement pursuant to Supreme Court Rule 208(f)(1).

IT IS ORDERED that Mitchell B. Taylor remain on inactive status under Rule 220 and with conditions set for Taylor to be reinstated later. We accept the recommendation of the Disciplinary Administrator and discipline Taylor by published censure. Taylor is ordered to make restitution of $787.50 plus $500 to the Crawfords and $150 to Spaulding.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to Taylor.

ABBOTT and LARSON, JJ., not participating.

ROBERT H. MILLER, C.J. Retired, and E. NEWTON VICKERS, Senior Judge, assigned.